UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. JAMES HARMON,

    Plaintiffs,

v.                                                   CASE NO. 8:09-cv-1746-T-23TGW

PREMIER MEDICAL LABORATORIES/
PATHOLOGY MEDICAL LABORATORIES,
P.A.,

    Defendant.
_____/

**ORDER**

    The *qui tam* relator James Harmon sues and in an amended complaint purports to allege a claim under the False Claims Act. The defendant again moves to dismiss and asserts that, although "Harmon has added minimal information to the Amended Complaint, [he] still offers no factual basis of the alleged fraudulent conduct, nor does he identify facts as to time, place, and substance of the conduct resulting in the alleged fraud or submission of false claims..." (Doc. 23) The defendant concludes that "[t]he Amended Complaint is a mirror image of the Original Complaint except for the addition of a few names." (Doc. 23) Harmon's responsive memorandum (Doc. 24) (1) asserts in a conclusory fashion that the complaint complies with Rule 9(b), Federal Rules of Civil Procedure, and (2) generally discusses the Anti-Kickback statute. The amended complaint and the responsive memorandum, although attending modestly to the alleged

- 2 -

kickback scheme, conspicuously fails to provide any additional facts, including allegations of time, place, manner, person, and amount, with respect to the False Claims Act.

United States ex rel. Clausen v. Laboratory Corp. of Am., 290 F.3d 1301 (11th Cir. 2002), provides a statement of the pleading standard applicable in this action. The plaintiff must immediately amend the complaint to conform to the applicable standard in pleading a claim under the False Claims Act. The plaintiff must satisfy the applicable pleading standard in the next amendment or face almost certain dismissal with prejudice.

The parties have ignored Count II, which apparently alleges retaliation. The defendant directs no dismissal motion to the claim, and the plaintiff consequently offers no elaboration. The defendant's paper is construed as a motion for more definite statement and is **GRANTED**. The plaintiff may amend Count II to include sufficient allegations of time, place, manner, and person or, again, face almost certain dismissal.

The motion to dismiss (Doc. 23) is **GRANTED**, and the complaint (Doc. 19) is **DISMISSED**. The plaintiff may amend on or before **December 31, 2010**.

ORDERED in Tampa, Florida, on December 17, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE